**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| GUOHE CHEN, AKA He Chen Guo<br><br>Petitioner,<br><br>v.<br><br>ROBERT M. WILKINSON,<br>Acting Attorney General,<br><br>Respondent. | No. 16-71484<br><br>Agency No. A206-463-577<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2021**
Honolulu, Hawaii

Before:  CLIFTON, R. NELSON, and COLLINS, Circuit Judges.

Guohe Chen, AKA He Chen Guo, petitions the court for review of the Board

of Immigration Appeals' decision dismissing his appeal and affirming the

Immigration Judge's denial of his application for asylum and withholding of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal pursuant to 8 U.S.C. §§ 1158(b)(1)(A), 1231(b)(3)(A). An adverse credibility finding is reviewed for substantial evidence. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). Adverse credibility determinations "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

The agency's credibility determination was supported by the record. There were multiple instances of inconsistencies for which the petitioner's explanations were not credible. Further, there were aspects of the timeline that the agency reasonably determined were implausible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Contrary to petitioner's argument, the inconsistencies relied on by the agency bore a legitimate nexus to the adverse credibility finding. For example, Chen stated his wife went into hiding when she was pregnant with their second child, yet he stated it was "unexpected" when the family planning officers informed him that the second child violated the family planning laws. This inconsistency went to the heart of his claim that he intentionally resisted the family planning regime, and the statute permits reliance on an inconsistency that did not, in any event. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

The agency met its burden of articulating a legitimate basis for questioning the applicant's credibility. *See Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th

Cir. 2014). A reasonable adjudicator would not be "compelled to conclude to the contrary" regarding Chen's credibility. *Yali Wang*, 861 F.3d at 1007 (quoting 8 U.S.C. § 1252(b)(4)(B)).

Substantial evidence also supports the agency's determination that Chen's documentary evidence was insufficient to independently establish past persecution. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (petitioner's documentary evidence was insufficient to rehabilitate credibility or independently support claim). The agency therefore properly concluded that Chen failed to carry his burden with respect to either asylum or withholding of removal. As "persecution or a well-founded fear of persecution" based on an enumerated ground is necessary for an asylum claim, Chen's asylum claim fails. *See Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013) (quoting 8 U.S.C. § 1101(a)(42)(A)). Further, as Chen's asylum claim failed because he could not establish a "well-founded fear of persecution," his withholding of removal claim necessarily fails to establish that it is "more likely than not" that he would face persecution, because the latter standard is "more stringent." *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006) (quoting *Al-Harbi v. INS*, 242 F.3d 882, 888–89 (9th Cir. 2001)).

**PETITION FOR REVIEW DENIED.**